CARTER, Judge.
This appeal arises from a judgment in favor of plaintiffs in an action for damages.

FACTS

On October 19, 1989, Katheline Daigle, a thirty-eight-year-old mother was travelling on Louisiana Highway 70 in Assumption Parish, when the truck she was operating was struck from the rear by a vehicle being driven by Guy Johnson and insured by Aetna Casualty and Surety Company. Ms. Daigle’s minor son, Jake Daigle, was a passenger in his mother’s vehicle.
On October 18, 1990, plaintiffs, Katheline Daigle and her husband, James Daigle, filed the instant action to recover damages resulting from the accident. Plaintiffs alleged that Katheline Daigle suffered personal injuries and medical expenses for mental and emotional injuries, bruises, contusions, whiplash, hearing loss, and tinnitus. Plaintiffs also alleged that their son, Jake, suffered injuries to his mental and emotional state, bruises, and contusions. Further, plaintiffs alleged that James Daigle was entitled to damages for loss of consortium.
The matter was tried on February 19, 1992. By judgment dated August 3,1992, all claims against Roger and Guy Johnson were dismissed with prejudice.[1] The court awarded the Daigles, on behalf of their minor son, Jake, $1,025.00, plus interest and costs, for his injuries and medical expenses.[2] Kathe-line Daigle was awarded $99,663.00, plus interest and costs.[3] James Daigle was awarded $5,000.00 for loss of consortium.[4]
Aetna appealed from the judgment, assigning the following specifications of error:
*270 (1) The trial court erroneously awarded the sum of $90,000.00 for cervical and lumbar strains, hearing loss and tinnitus.
(2) The trial court erroneously awarded the sum of $11,618.39 for future medical expenses.

GENERAL DAMAGES

Aetna contends that the trial court erred in awarding Katheline Daigle $90,000.00 for cervical and lumbar strains, hearing loss, and tinnitus.
It is well settled that a court of appeal may not disturb a damage award unless the record clearly reveals an abuse of discretion by the trier of fact in making the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), 92-C-3017; American Motorist Insurance Company v. American Rent-All, Inc., 579 So.2d 429, 433 (La.1991); Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d at 1261.
The record reveals the following:
When the vehicle being driven by Kathe-line Daigle was struck from behind, the impact caused her to strike her head on the rear window. Following the accident, she was taken to the emergency room with complaints of pain in her neck, shoulders, back, and head. She was subsequently seen by her family physician, Dr. William H. Gadow, who treated her with medication and performed x-rays of her neck and back. Dr. Gadow then referred her to an orthopedic surgeon, Dr. Jeffrey C. Fitter.
On November 21,1989, Ms. Daigle saw Dr. Fitter with complaints of pain radiating from her neck into her shoulders and back pain. After examining her, Dr. Fitter diagnosed Ms. Daigle with cervical and lumbar strain. He prescribed medication, restricted her activities, and recommended frequent use of moist heat. Dr. Fitter instructed Ms. Daigle to return in three weeks.[5]
Approximately two weeks after the accident, Ms. Daigle noticed ringing in both of her ears (“tinnitus”). She described the ringing as a “buzzing sound.” The ringing continually worsened in the months that followed, while Ms. Daigle’s neck and shoulder problems began to improve.
In January of 1990, Ms. Daigle sought treatment for the tinnitus from her new family physician, Dr. C. Bolotte, who treated her with medication. He then referred her to Dr. Guy P. Zeringue, an otolaryngologist (ear, nose, and throat specialist). Dr. Ze-ringue testified that he first saw Ms. Daigle on February 9,1990. He performed an audi-ogram, which indicated that Ms. Daigle had normal hearing in low pitched tones, but that she had a high pitched tone loss in both ears. Dr. Zeringue indicated that Ms. Daigle suffers from a nerve-type hearing loss which is irreversible.
Ms. Daigle continued to experience the ringing in her ears and noticed that her hearing loss was getting much worse. On August 14, 1991, she again sought treatment from Dr. Zeringue. An audiogram confirmed that Ms. Daigle’s hearing loss had progressed significantly. Two subsequent audiograms revealed that Ms. Daigle’s level of hearing loss was the same as on August 14, 1991.
In January of 1992, Ms. Daigle was fitted with hearing aids which Dr. Zeringue indicated would amplify sounds and help with sound discrimination, but would not return her hearing to normal levels. He stated that Ms. Daigle’s hearing ability might remain the same or get worse, but that it would certainly not improve. Dr. Zeringue opined that Ms. Daigle’s hearing loss and tinnitus resulted from the whiplash injury that she sustained in the October 19, 1989, accident.[6]
As a result of her injuries, Ms. Daigle has difficulty hearing the telephone ring and dif *271 ficulty holding conversations because background noises drown out voices. She also has trouble hearing initial sounds of words. Ms. Daigle stated that she cannot hear the beep of a digital thermometer and that certain sounds irritate her ears, such as her automatic garage door opener. Ms. Daigle testified that the ringing sound interferes with her sleep.
Ms. Daigle and her husband testified that she was unable to perform household tasks for approximately three months following the accident. Also, she could not carry groceries, cut grass, or wash her car. Both Ms. Daigle and her husband testified that she has become very irritable since the accident and that her injuries and hearing loss have adversely affected their marriage.
In his reasons for judgment, the trial judge stated:
In setting an award for damages due to tinnitus and hearing loss, .the Court has done an exhaustive search of the jurisprudence. Two cases were identified which dealt with these injuries.
In Morris v. Owen Illinois, Inc. 582 So.2d 1349 (La.App. 2nd Cir.1991) the plaintiff was awarded $200,000.00 in general damages for facial laceration, a fractured jaw which required reconstructive surgery and ... 50% permanent hearing. loss in one ear with balance problems.
In Waller v. Farmland Industries, Inc. 392 So.2d 1099 (La.App. 3rd Cir.1980) the plaintiff was awarded general damages of $50,000.00 following an explosion in which he sustained mild burns, cervical and lumbar injuries and a hearing loss described as 75% impairment as to high frequency sound and 33½% as to his hearing as a whole. In Waller, the plaintiff also had tinnitus in both ears. He did not suffer any permanent scarring.
Based on the testimony at trial and the rough guidance of these cases, and the time lapse since the Waller decision the court finds that an award of $90,000.00 would adequately award Mrs. Daigle for her cervical and lumbar strains, hearing loss and tinnitus.
After reviewing the entire record in this case as well as jurisprudence regarding similar injuries, we conclude that there was no abuse of discretion by the trier of fact in awarding Ms. Daigle $90,000.00 for her injuries.

FUTURE MEDICAL EXPENSES

Aetna also contends that the trial court erred in awarding Ms. Daigle $11,618.39 for future medical expenses.
Future medical expenses are a legitimate form of recovery, even though they are not susceptible of precise mathematical calculation. However, awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. Newman v. Ellis, 572 So.2d 170, 174 (La.App. 1st Cir.1990).
In the instant case, the record amply supports the trial court’s award. The record reflects that, in Dr. Zeringue’s uncontradict-ed opinion, it will be necessary for Ms. Daigle to wear hearing aids in both ears in the future. The record also contains two letters from Jan N. Usey, a hearing aid dealer, which indicate that the pair of hearing aids ordered by Dr. Zeringue costs $1,659.77, and, based on her experience, the average life of a hearing aid is between three to five years. Using this information and a life expectancy of seventy-five (75) years, the trial judge determined that Ms. Daigle would reasonably need to purchase seven (7) pairs of replacement hearing aids. Accordingly, he awarded her $11,618.39 for future medical expenses to cover the cost of the replacement hearing aids.
We conclude that the record supports the award for future medical expenses and that it was within the discretion of the trial court to make such an award.

CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed. Aetna is cast for all costs of this appeal.
AFFIRMED.
GONZALES, J., concurs and assigns reasons.

. There was a stipulation of liability in exchange for dismissal of Roger and Guy Johnson, thereby limiting any judgment to the policy limits of Aetna Casualty and Surety Company's policy.

. The award for Jake’s injuries took into account that Aetna had paid all of his medical expenses, except $25.00.

. In his reasons for judgment, the trial judge found that Katheline Daigle was entitled to an award of $90,000.00 for her cervical and lumbar strains, hearing loss, and tinnitus. He also awarded her $2,366.45 in past medical expenses.
The trial judge considered a letter from Jan N. Usey, a hearing aid dealer, which indicated that the hearing aids used by Katheline Daigle cost $1,659.77, and that the average hearing aid lasts from three to five years. Using a life expectancy of seventy-five (75) years, the judge determined that Katheline Daigle would reasonably need to purchase seven more pairs of hearing aids. Therefore, the judge awarded her $11,618.39 ($1,659.77 x 7) in future medical expenses.
According to the judgment, the amount awarded to Katheline Daigle represented the $100,-000.00 policy limit less the $337.00 which Aetna had advanced for medical expenses. The figure "$99,673.00” appears in the judgment; however, the judgment awards Daigle "Ninety-Nine Thousand Six Hundred Sixty-Three and No/100 Dollars."

.The judgment, however, is silent as to this award.

. Ms. Daigle visited Dr. Fitter again on December 12, 1989, complaining of pain in her neck and low back.

. At Aetna's request, Ms. Daigle was examined by Dr. Peters in Baton Rouge, but there was no evidence submitted at trial regarding his findings.